UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
STEPHANIE DEVINS,
                                                  :

                Plaintiff,

                                                  :

        -against-                                    **MEMORANDUM AND ORDER**

                                                  :

                                                        09 Civ. 9599 (PAC)(KNF)

JOYCE LAZOFF, et al.,                        :

                                                  :

              Defendants.
------------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

      On February 22, 2012, the defendants were directed to provide the Court, for an in camera review, consistent with the discussion had during the telephonic conference on that day, with all complaints made against defendant Joyce Lazoff ("Lazoff"). More specifically, during the telephonic conference, the Court directed the defendants to identify the three complaints described in the defendants' privilege log as: (1) EEO Case # 105-06; (2) EEO Case # 55-07; and (3) EEO Case #235-05. The defendants provided the Court with 14 complaints made against Lazoff, and stated that the complaint, "EEO Case No. 055-07, Stephanie Devins v. Joyce Lazoff," was not included among the 14 because "documents regarding this complaint have been provided directly to Plaintiff's counsel pursuant to February 22, 2012 Order." The defendants contend that the documents at issue are protected by the deliberative process and self-critical analysis privileges.

      The deliberative process privilege, "encompassed within the executive privilege," protects documents that are: (1) "predecisional," namely, "prepared in order to assist an agency decisionmaker in arriving at his decision"; and (2) "deliberative," namely, "related to the process by which policies are formulated." Grand Central P'ship, Inc. v. Cuomo, 166 F.3d 473, 481-82

(2d Cir. 1999) (citations omitted). "[T]he privilege does not protect a document which is merely peripheral to actual policy formation." Tigue v. U.S. Dep't of Justice, 312 F.3d 70, 80 (2d Cir. 2002) (quoting Ethyl Corp. v. U.S. EPA, 25 F.3d 1241, 1248 (4th Cir. 1994)). Moreover, the privilege does not protect a document that "either originated from or was provided to an entity that is not a . . . government agency." Id. at 77. Although some courts recognize the self-critical analysis privilege, no precedent establishes such a privilege. See Mitchell v. Fishbein, 227 F.R.D. 239, 251 (S.D.N.Y. 2005). To the extent it is recognized, a party invoking the self-critical analysis privilege must show that: (i) the information sought "resulted from a critical self-analysis undertaken by the party seeking protection"; (ii) "the public has a strong interest in preserving the free flow of the type of information sought"; and (iii) "the information is of the type whose flow would be curtailed if the discovery were allowed." Id. at 252 (alterations and citation omitted). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).

     Upon its in camera review, the Court finds that the deliberative process privilege does not apply to the documents at issue here because the documents consist of the complaining employees' allegations and the communications sent by the New York City Housing Authority to the complainants informing them about the status of their complaints; thus, the documents either originate from or are provided to an entity that is not a government agency. To the extent that the documents include internal agency memoranda reciting the status of the complaints, those documents are neither predecisional nor deliberative because they are not related to the agency's policy formation. Moreover, the self-critical analysis privilege does not apply because the documents at issue did not result from a critical self-analysis by the defendants. Nonetheless, although the documents at issue here are not protected by deliberative process or self-critical analysis privileges, most of the documents sought are not relevant to the claims or defenses in

this action.

Accordingly, the Court finds the following: (a) EEO Case # 105-06 concerns the plaintiff's complaint against an employee of the defendants who is not involved in this action and need not be produced because it is irrelevant; (b) EEO Case # 235-05, erroneously included in the defendants' privilege log, does not involve any of the parties in this action and need not be produced, since it is irrelevant; (c) EEO Case # 221-04, 292-05, 417-03, 375-05, 263-06, 259-07, and 079-08 need not be produced because they are irrelevant, since they lack allegations of unlawful discrimination; and (d) EEO Case # 010-04 and 046-02 need not be produced because they are irrelevant, since they do not involve claims of employment discrimination based on race, the only ground upon which the plaintiff's claims are based. On or before April 3, 2012, the defendants shall produce to the plaintiff the following documents: (1) EEO Case # 161-07; (2) EEO Case # 226-03; and (3) EEOC Case # 160-03.

Dated: New York, New York  
March 30, 2012

SO ORDERED:

_Kevin Nathaniel Fox_  
KEVIN NATHANIEL FOX  
UNITED STATES MAGISTRATE JUDGE

3